ELLIS, Judge.
On December 9, 1976, the following instrument was executed by Nick Parrino, Jr., Mary Parrino, Dennis P. Parrino and Debra L. Parrino:
“In consideration of ONE ($1.00) DOLLAR and other good and valuable consideration the receipt of which is hereby acknowledged paid by “THE CELOTEX CORPORATION, a Delaware Corporation, whose mailing address is P. O. Box 22602, Tampa, Florida 33622, the undersigned do hereby jointly, severally and unconditionally guarantee payment in accordance with said corporation’s terms of sale for all purchases heretofore and hereafter made by
CDS Baton Rouge
Division of American Specialty Corp.
P. O. Box 65287
Baton Rouge, Louisiana 70896
from CRAWFORD DOOR, NORTH AMERICAN DOOR, EDWARDS POWER DOOR, and BUILDERS MANUFACTURING, DIVISIONS OF THE CELO-TEX CORPORATION and further guarantee payment of all indebtedness now existing and owed by said customer to one or more of the said DIVISION(S) OF THE CELOTEX CORPORATION.
“The undersigned expressly waive presentment for payment, notice of nonpayment, default, demand, and notice of protest, and extension or extensions of time of payment granted by DIVISION^) OF THE CELOTEX CORPORATION to said customer.
“It is mutually understood that this is a continuing guarantee and shall remain in full force and effect until written notice of its termination is received by said DIVISION^) OF THE CELOTEX CORPORATION at its address shown above. Notice of acceptance of this guarantee is hereby waived. It is understood that there are no limitations to this undertak *763 ing except those expressed herein and after execution no alteration, change or modifications shall be made except by writing signed by the undersigned and the said DIVISION(S) OF THE CELO-TEX CORPORATION.
“The undersigned expressly acknowledge and represent that the sums herein guaranteed are for the use and benefit of said customer in which the undersigned acknowledges a business interest.”
American Specialty Corporation, the principal debtor in the above agreement, became unable to meet its obligations, and Celotex Corporation called upon Nick Parri-no, Jr., and Mary Parrino to pay the account. After negotiation, Nick and Mary Parrino reached the following agreement with Celotex, on November 26, 1979:
“WHEREAS, American Specialty Corporation d/b/a CDS Baton Rouge, has account balances with Celotex Corporation d/b/a Builders Manufacturing and Jim Walter Door on which there is a disputed balance due to accounting and claims of defective materials and workmanship and other matters:
“WHEREAS, Nick Parrino, Jr. and Mary Parrino have a continuing guarantee for the obligation of American Specialty Corporation to Celotex Corporation that in order to settle the dispute between the respective parties hereto, Nick Parrino, Jr. and Mary Parrino have paid this date the sum of Twenty-One Thousand Six Hundred Sixty-six and no/100 ($21,-666.00) dollars by check and agree to pay an additional sum of Sixteen Thousand Two Hundred Fifty and no/100 ($16,-250.00) dollars in full satisfaction of this account in ninety (90) days.
“That Celotex Corporation d/b/a Builders Manufacturing and Jim Walter Door agree to accept the foregoing settlement of this disputed account from its guarantors and agree to release any and all claims it has against Nick Parrino, Jr. and Mary Parrino and American Specialty Corporation when ever this agreement is complied with in full by said guarantors.
“Further, Celotex Corporation authorizes American Specialty Corporation and Nick Parrino and Mary Parrino to collect all account balances of American Specialty Corporation in which Celotex Corporation d/b/a Builders Manufacturing or Jim Walter Door may have a joint interest. Said Celotex Corporation releasing any claims it has to such monies.”
This suit was filed by Nick and Mary Parrino on December 21, 1979, against Debra Hess Parrino for $10,833.00, alleging the above facts and attaching to their petition the above documents. To the petition, Debra Parrino filed exceptions of no cause and no right of action. After a hearing, the exception of no cause of action was sustained and judgment was signed dismissing plaintiffs’ suit. After a new trial was denied, plaintiffs appealed. Defendant has answered the appeal and in addition took a protective appeal as to the failure of the trial court to rule on her exception of no right of action.
The trial judge rendered no written reasons, but, according to defendant’s brief, found that the parties were not bound in solido, and therefore plaintiffs were precluded from recovery by Article 3058 of the Civil Code, which permits a co-surety who has paid the debt to recover from his co-sureties only if he has paid in consequence of a lawsuit against him.
We note, however, that the parties hereto bound themselves “jointly, severally and unconditionally” for the payment of purchases made by American Specialty Corporation. It is clear that this language created a solidary obligation, not only with the principal debtor but among the sureties themselves. Articles 2082, 2088, Civil Code; Johnson v. Jones-Journet, 320 So.2d 533 (La.1975).
In Louisiana Bank and Trust Co., Crowley v. Boutte, 309 So.2d 274 (La.1975), the court said:
“Among the co-obligors, however, bound in solido, the legal relationships may be governed by the rules of suretyship. Both the simple surety and the solidary surety who pay the debt have a right of *764 recourse against the principal debtor. (Citations omitted)
“There are exceptions, and sometimes the relationships among solidary sureties are not governed by the rules of suretyship. A simple surety who pays the whole debt can enforce contribution against the other sureties, but only when he has paid ‘in consequence of a lawsuit instituted against him.’ C. C. 3058. But a solidary surety need not await suit before paying, in order to preserve his right of contribution. There is no reason to require such a delay, since pleas of discussion and division are not available to him.” (Citations omitted)
It seems clear, therefore, that plaintiffs have alleged a cause of action against defendant, and the exception was improperly sustained.
We find no merit in defendant’s arguments that her obligation to plaintiffs is extinguished by confusion and by novation. Neither of those concepts exist in this case.
The judgment appealed from is therefore reversed and set aside, and the case will be remanded to the trial court for further proceedings, in accordance with law. Defendant is granted 15 days from the date on which this judgment becomes final to file her answer.
REVERSED AND REMANDED.